442 So.2d 1319 (1983)
L.W. SMITH, Individually and as Administrator of the Estate of his minor Daughter, Sonja Leigh Smith, Plaintiff-Appellant,
v.
VERNON PARISH SCHOOL BOARD, et al., Defendants-Appellees.
No. 83-367.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*1320 Smith, Ford and Clark, Chris Smith, III, Leesville, for plaintiff-appellant.
Watson, Murchison, Crews, Arthur & Carkern, R. Raymond Arthur, Natchitoches, Asa Skinner, Leesville, for defendants-appellees.
*1321 Before CUTRER, DOUCET and LABORDE, JJ.
CUTRER, Judge.
This appeal arises from a trial judge's granting of a motion to dismiss a personal injury action. L.W. Smith, individually and on behalf of his minor daughter, Sonja, sued the Vernon Parish School Board (School Board), Ronald Spurgeon, an employee of the School Board, and the International Indemnity Company, Spurgeon's insurer, for damages arising out of an injury Sonja suffered during a physical education class at Hicks High School. At the conclusion of plaintiff's evidence, in a non-jury trial, the trial judge granted defendants' motion for dismissal. Smith appeals; we affirm.

FACTS
There is little dispute over the facts in this case. A review of the record reveals the following: On November 11, 1981, the date of the accident, Sonja was fifteen years old. Sonja was a straight "A" student at Hicks High School and had received more than four years of instruction in the use of trampolines. During a Physical Education (P.E.) class, taught by Mr. Spurgeon, Sonja and four of her friends requested permission to jump on the trampoline.[1] The trampoline was stored on a stage at one end of a gymnasium.
Mr. Spurgeon, with the help of the girls, opened the trampoline, which remained on the stage. After the trampoline was made ready, two girls began bouncing on it. Mr. Spurgeon watched the girls for a few minutes, then left the stage to talk to another teacher who was conducting a class in the gymnasium.
After Mr. Spurgeon left the stage, the curtains of which were closed, and after sending a friend to make sure Mr. Spurgeon could not see them, Sonja and four other girls mounted the trampoline and began jumping. After one bounce all five of the girls fell to the trampoline mat. In this fall Sonja's right arm and wrist were broken.
One of Sonja's friends immediately summoned Mr. Spurgeon who had been gone about five minutes. Mr. Spurgeon administered first aid to Sonja; he applied a temporary splint to immobilize the arm and he put ice on the injured area to reduce swelling. Sonja was escorted by Mr. Spurgeon to the school's office and from there Sonja's mother transported her to a local hospital.
Mr. Spurgeon testified that gymnastics was regularly taught in the P.E. curriculum of Hicks High School. Included in the instructions were specific rules for the safe and proper use of the trampoline. These rules included, among others, a general prohibition against "horseplay" and a steadfast, absolute, rule against more than two (2) persons jumping on the trampoline at any one time. A classmate of Sonja's, Ms. Royster, testified that Mr. Spurgeon had not only told the girls never to jump with more than two at a time but that it was an instruction which, "He'd keep telling us."[2]
At the conclusion of plaintiff's evidence the defendants moved for a dismissal pursuant to art. 1810(B) of the Code of Civil Procedure. Both sides argued the motion. After giving oral reasons, which have been transcribed and made part of the record, the trial judge granted defendant's motion.

ISSUES ON APPEAL
Plaintiff has urged on appeal that the trial judge erred in granting the defendant's *1322 motion for dismissal and in failing to find Spurgeon negligent. Further, plaintiff argues that the trial judge incorrectly found Sonja contributorily negligent and that the trial judge erred in not awarding plaintiff damages.
Plaintiff's contention that the trial judge erred in granting the motion to dismiss based on Spurgeon's lack of negligence has no merit. Having concluded that Spurgeon was free of negligence, plaintiff is entitled to no recovery, and we need not address plaintiff's remaining assignments of error.
APPROPRIATENESS OF AN 1810(B) DISMISSAL BASED ON SPURGEON'S LACK OF NEGLIGENCE
In granting defendant's motion for dismissal the trial judge found plaintiff had failed to prove negligence on the part of either Spurgeon or the School Board.
In a judge-tried case, the trial judge has a responsibility to weigh and evaluate all the evidence and render a decision based upon a preponderance of the evidence. Rollins v. Ford Motor Co., 424 So.2d 527 (La.App. 5th Cir.1982); Semien v. PPG Industries, Inc., 413 So.2d 956 (La. App. 3rd Cir.1982). In reviewing the correctness of a trial judge's factual findings in a decision on a motion to dismiss we apply our usual standard of manifest error.[3]

LIABILITY OF THE TEACHER
In the recent case of Theriot v. St. Martin Parish School Bd., 434 So.2d 668 (La. App. 3rd Cir.1983), this court reiterated the duties of a teacher toward students as stated in Prier v. Horace Mann Ins. Co., 351 So.2d 265 (La.App. 3rd Cir.1977), writs den., 352 So.2d 1042 (La.1977), as follows:

"[S]chool teachers charged with the duty of superintending children in the school must exercise reasonable supervision over them, commensurate with the age of the children and the attendant circumstances. A greater degree of care must be exercised if the student is required to use or to come in contact with an inherently dangerous object, or to engage in an activity where it is reasonably foreseeable that an accident or injury may occur. The teacher is not liable in damages unless it is shown that he or she, by exercising the degree of supervision required by the circumstances, might have prevented the act which caused the damage, and did not do so. It also is essential to recovery that there be proof of negligence in failing to provide the required supervision and proof of a causal connection between that lack of supervision and the accident....." (Citations omitted.)
Reviewing the facts of this case, in light of the teacher's standard above, we find the trial judge was not clearly wrong in his finding that Spurgeon was not negligent.
Sonja was a fifteen-year-old, highly intelligent girl who was well acquainted with the trampoline and the proper method of using same. Spurgeon had repeatedly instructed the girls that no more than two girls were to jump on the trampoline at one time. The students were well aware of the rule and the fact that a violation of the rule, by having a larger number jump at one time, would increase the risk of injury. Instead of following the instructions, these girls deliberately violated the rules when five girls began jumping on the trampoline at one time. The girls even had one of their friends to act as a "lookout" to make sure Spurgeon did not see them violate the rules. After one bounce the girls all fell to the mat where Sonja received an injury.[4] *1323 As we consider all the circumstances surrounding this event, we conclude that Spurgeon exercised reasonable supervision over the girls. His absence from the area for a few minutes was not a breach of the reasonable care rule.
We note that the "greater degree of care" by the teacher, set forth in Prier, is not applicable to this case. That standard is applicable only when students are "required[5] to use or come in contact with an inherently dangerous object, or to engage in an activity where it is reasonably foreseeable that an accident or injury may occur." We find that this "greater degree of care" is not required in this case because a trampoline is not an inherently dangerous object. Also, the activity in which Sonja and her friends were engaged, had they followed the specific instructions of Spurgeon, was not one "where it is reasonably foreseeable that an accident or an injury may occur."
Had Sonja and her friends followed the rules, to which Sonja had over four years of exposure, the activity would have been safe. Sonja cannot, by a conscious and willful violation of rules, transform a non-risky activity into one in which an accident is reasonably foreseeable and which imposes the greater degree of care on Mr. Spurgeon.
For the reasons stated above the judgment of the trial court is affirmed. All costs of this appeal shall be paid by plaintiff-appellant.
AFFIRMED.
NOTES
[1] It appears from the record that because of inclement weather Mr. Spurgeon's P.E. class was not involved in any organized activity on this particular day. Mr. Spurgeon gave his students, approximately 20 girls, the choice of sitting on the gym bleachers or playing on the trampoline. Ms. Smith and her friends chose to make use of the trampoline.
[2] There were a total of five girls on the trampoline at the time of the accident; Sonja, Ms. Royster and three others. At the conclusion of Ms. Royster's testimony, counsel stipulated that the testimony of the other three girls (Ms. Jeter, Ms. Brown and Ms. Dousay) would be substantially the same as that of Ms. Royster; these girls did not testify.
[3] The standards governing the trial judge's determination and our review of a motion for dismissal are different than the standards for decision and scope of review used in motions for directed verdicts. See Bradley v. Hunter, 413 So.2d 674 (La.App. 3rd Cir.1982), writ den., 415 So.2d 952 (La.1982); and Sevin v. Shape Spa for Health & Beauty, Inc., 384 So.2d 1011 (La.App. 4th Cir.1980).
[4] Sonja's testimony concerning her knowledge of the rules was as follows:

"Q. Why do you think Coach Holt and then Coach Spurgeon [defendant] had this rule that no more than two should be there?
A. So no one would get hurt.
Q. Do you think that if you had followed his rule that you wouldn't have injured yourself?
A. Yes, sir."
[5] Sonja and the students were not "required" to use the trampoline this day. Their acts were voluntary.