773 So.2d 297 (2000)
Diane PATTERSON, et al.
v.
JEFFERSON DAVIS PARISH SCHOOL BOARD, et al.
No. 00-00580-CA.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
Adras Paul Laborde Endom, Toce & Daiy, L.L.C., Lafayette, LA, Counsel for Plaintiffs-Appellants.
Keith J. Landry, Lafayette, LA, Counsel for Defendant-Appellee.
Court composed of HENRY L. YELVERTON, ULYSSES G. THIBODEAUX, and SYLVIA R. COOKS, Judges.
COOKS, Judge.
This appeal stems from the dismissal of plaintiffs' claims premised on the alleged negligence of a government employee because they failed to timely serve him. The trial court found plaintiffs failed to show good cause for withholding service beyond the ninety-day period prescribed by La. *298 R.S. 13:5107(D). He also denied plaintiffs' constitutional challenges to the statute. We affirm that portion of the trial court's judgment dismissing plaintiffs' claims without prejudice but reverse the portion addressing the constitutionality of La.R.S. 13:5107(D)(3) because the issue was not ripe for adjudication.

FACTS AND PROCEDURAL BACKGROUND
On January 21, 1998, Gregory Patterson, a student at Jennings High School and member of its football team, was lifting weights in the school's weight room. As Patterson attempted to perform a squat-type exercise using a squat rack, he fell on his tail bone and the weights landed on his shoulders causing him injury. His mother, acting separately and on his behalf, filed suit on January 20, 1999 against Jefferson Davis Parish School Board, Coach Russell "Rusty" Phelps, Assistant Coach Mark Delaney, and Justin and Mark Keith for damages sustained as a result of Patterson's injuries.
Defendant, Rusty Phelps, subsequently filed a motion to dismiss the suit because plaintiffs had not perfected service on him as required by La. Civ.P. art. 1672. Phelps later amended the motion and cited La.R.S. 13:5107(D)(2) as additional authority favoring the requested dismissal. Plaintiffs responded by amending the principal petition to specifically attack the constitutionality of La.R.S. 13:5107(D)(3). Relying on La.R.S. 13:5107(D)(2), the trial court dismissed Rusty Phelps from the suit, finding plaintiffs failed to show good cause for withholding service. The trial court then upheld the constitutionality of La.R.S. 13:5107(D)(3).
Plaintiffs lodged this appeal and assign the follow errors for review:
1. The trial court erred in failing to find that good cause existed for withholding service and granting the motion to dismiss.
2. La.R.S. 13:5107(D)(3) is unconstitutional and/or unconstitutional in its application and violates Article 1 Section 3 of the Louisiana State Constitution and the Fourteenth Amendment of the United States Constitution by providing employees of political subdivisions special protection and denying equal protection to others.
3. La.R.S. 13:5107(D)(3) is unconstitutional and/or unconstitutional in its application and violates Article 1 Section 2 of the Louisiana State Constitution and the Fourteenth Amendment of the United States Constitution by providing a separate and arbitrary remedy for the officers and employees of the state, state agencies, and political subdivisions which has no rational relationship of a governmental interest.
4. La.R.S. 13:5107(D)(3) is unconstitutional and/or unconstitutional in its application and violates Article 1 Section 22 of the Louisiana State Constitution by depriving private citizens and entities of an open court administered without partiality to seek an adequate remedy for injury to their person.

LAW AND DISCUSSION

Applicability of La.R. S. 13:5107(D)(2)
Plaintiffs contend the trial court erred in granting Rusty Phelps' motion to dismiss for untimely service. La.R.S. 13:5107(D)(2)(emphasis supplied) provides:
If service is not requested by the party filing the action within that period, [ninety days] the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
Dismissal, however, does not automatically result when a litigant who files an action fails to timely request service but follows only after a contradictory hearing and only if the litigant fails to show "good cause" why service was not so requested within the statutory delay period. La. Civ.P. art. *299 1672(C). Although "good cause" remains undefined in the statutes and jurisprudence, we recognize a dismissal based on La.R.S. 13:5107(D)(2) should not be reversed in the absence of manifest error. Shafer v. State, Through Dep't of Transp. and Dev., 590 So.2d 639 (La.App. 3 Cir. 1991); Smith v. Vernon Parish School Bd., 442 So.2d 1319 (La.App. 3 Cir.1983), writ denied, 445 So.2d 451 (La.1984).
Plaintiffs' counselor maintains he did not request service on Rusty Phelps when he initially filed the suit on January 20, 1999 (one day prior to the running of prescription) because he was unaware of Phelps' legal name and domicile. After obtaining this information at a later deposition, counselor notes he made the necessary request and Phelps was served on November 9, 1999. Counselor also suggests the School Board's attorney, by referring to the "School Board defendants" on various occasions, misled him in believing he was representing all the defendants, including Phelps. Further, Plaintiffs' counselor points out Rusty Phelps was voluntarily produced at a deposition by the defense without a subpoena; and, this too, lulled him into believing an answer was forthcoming on Phelps' behalf from the Board's attorney. The Board's attorney, however, denied that he acted at any time on behalf of Rusty Phelps prior to filing the at issue motion and further notes all his appearances of record were on behalf of Jefferson Davis Parish School Board and its insurer. Further, the attorney directs us to a letter he wrote plaintiffs' counselor on February 2, 1999 which indicated he represented only the Jefferson Davis Parish School Board and its insurer.
The trial court noted when plaintiffs' counselor finally requested service on Rusty Phelps, he did not use his full legal name, but rather requested service on "Rusty Phelps" at his home address or at Jennings High School. Thus, the court found plaintiffs' counselor's later action undermines the argument, he now advances, that service was withheld awaiting this alleged vital information. At any time after the original petition was filed, the judge emphasized service could have been perfected on Rusty Phelps at Jennings High School. We note in addition, even if plaintiffs' counselor genuinely believed the Board's attorney represented Phelps, he was simply wrong in concluding service on this defendant "was not a problem." La.R. S. 13:5107(D) specifically provides absent an express waiver by a defendant in writing, a plaintiff must request service on him within the ninety day delay period or suffer dismissal of his pending action, without prejudice, if good cause is not shown. We cannot say the trial judge manifestly erred in finding plaintiffs did not present good cause for failing to serve Phelps within the statutory delay period.

Constitutionality of La.R. S. 13:5107(D)(3)
When a suit is dismissed without prejudice because service is not perfected within the statutory delay period, La.R.S. 13:5107(D)(3) provides the filing nevertheless interrupts or suspend the running of prescription "as to all other persons," except "[w]hen the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof ..." La.Civ.Code art. 3466 further states: "If prescription is interrupted, the time that has run is not counted. Prescription begins to run anew from the last day of interruption."
But for the exception found in La.R.S. 13:5107(D)(3), plaintiffs' counselor's failure would not prevent them from filing a second suit, naming Phelps as a defendant and reasserting the claims they now contend were improperly dismissed by the trial judge because the suit filed in this case, on January 20, 1999, would have interrupted prescription and the time *300 would begin to run anew from rendition of the dismissal judgment. Phelps maintains, however, the present suit did not interrupt the running of prescription on those claims plaintiffs have alleged against him because he was sued as a government employee. Thus, Phelps urges, prescription ran the day after the present suit was filed and plaintiffs' are barred from advancing the noted claims in any subsequent suit. Countering, Plaintiffs alleged below and maintain on appeal that La.R.S. 13:5107(D)(3) is unconstitutional because it creates a discriminatory classification between governmental and non-governmental employees. Plaintiffs assert the provision violates their equal protection right guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the Louisiana Constitution because the statute (a) is inconsistent with expressed legislative intent and (b) is not rationally related to any legitimate state interest.
We pretermit considering the constitutionality question raised by plaintiffs in this proceeding because it is not ripe for adjudication. Our jurisprudence clearly holds a court should not reach or determine whether a statute is constitutional unless said resolution is necessary to decide the case then before it. Louisiana Associated General Contractors Inc. v. New Orleans Aviation Bd., 97-0752 (La.10/31/97); 701 So.2d 130, 132; Matherne v. Gray Ins. Co., 95-0975 (La.10/16/95); 661 So.2d 432; Williams v. State, Department of Health and Hosp.'s, 97-0055 (La.12/2/97); 703 So.2d 579; Blanchard v. State Through Parks and Recreation Commission, 96-0053 (La.5/21/96); 673 So.2d 1000. The constitutionality question "should never be anticipated in advance of the necessity of deciding it." Blanchard 673 So.2d at 1002. Since the trial judge did not err in dismissing plaintiffs' claims against Rusty Phelps, he should not have ruled on the constitutionality of La.R.S. 13:5107. Until plaintiffs file a second suit naming Rusty Phelps as defendant and reasserting the claims which are the subject of the present dismissal, the constitutionality of La.R.S. 13:5107(D)(3) is not at issue. Plaintiffs' attempt to head off the filing of an exception of prescription by defendants in response to any subsequent suit they may file against Rusty Phelps does not warrant deviation from our procedural requirements. Although plaintiffs may inevitably face the prescription demon they fear, in this case he has not yet materialized. The trial judge, thus, prematurely ruled on the constitutionality of La.R.S. 13:5107(D)(3). Accordingly, we reverse this portion of his judgment.

DECREE
For the foregoing reasons, that portion of the trial court's judgment dismissing plaintiffs' claims against Rusty Phelps is affirmed. That portion of the judgment addressing the constitutionality of La.R.S. 13:5107(D)(3) is reversed. This matter is remanded to the trial court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.