853 So.2d 1138 (2003)
Carlos CUBAS
v.
James Everett BROWN and Liberty Mutual Insurance Company.
No. 2003-CA-0664.
Court of Appeal of Louisiana, Fourth Circuit.
September 3, 2003.
Rehearing Denied September 25, 2003.
*1139 Lamar M. Richardson, Mandeville, LA, for Plaintiff/Appellant, Carlos Cubas.
Timothy f. Upton, Allen I. Boudreaux, Jr., Nicholas J. Chauvin, Allen I. Boudreaux, Jr. & Associates, Metairie, LA, for Defendant/Appellee, Jairo Osorio.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, Jr., Judge LEON A. CANNIZZARO, Jr.).
LEON A. CANNIZZARO, Jr., Judge.
This is an appeal from the trial court's granting of an exception of insufficiency of service based on the plaintiff's failure to request service within ninety days of commencement of the action pursuant to La. C.C.P. art. 1201(C).

STATEMENT OF FACTS AND PROCEDURAL HISTORY
This case arises out of an automobile accident. The plaintiff/appellant, Carlos Cubas, was a guest passenger in a vehicle driven by the defendant/appellee, Jairo Osorio, when it was rear ended by a vehicle driven by James Brown. Cubas filed suit against Osorio, Brown, and their insurers. Osorio filed suit against Brown. The two matters were consolidated[1].
Cubas did not request service on Osorio within ninety days as required by La. C.C.P. art. 1201(C). Osorio filed an exception of insufficiency of service, and the matter was set for argument. Two days before the hearing, Osorio executed a formal acceptance of service and waiver of citation. Although Cubas' attorney received the waiver from Osorio's plaintiff attorney, Osorio's defense attorney proceeded with the exception. The trial court granted the exception and dismissed the case as to Osorio, the defendant, without prejudice. Cubas appealed.

APPLICABLE LAW AND DISCUSSION
Cubas contends that the trial court erred in granting the exception of insufficiency of service because Osorio waived service. He argues that La. C.C.P. art. 1201(C) sets no time limitation on the waiver and does not support the trial *1140 court's opinion that the waiver must occur within the ninety-day period. Moreover, Cubas asserts that if the waiver were required within the ninety-day period, it would be unnecessary, and service could still be requested.
We disagree. The purpose of the article is to obviate the necessity of service if a written waiver is obtained. La. C.C.P. article 1201 states, in pertinent part:
B. The defendant may expressly waive citation and service thereof by any written waiver made part of the record.
C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver.
This case presents a unique set of circumstances whereby the defendant/plaintiff signed a written waiver of service after the ninety-day period but continued to pursue his exception of insufficiency of service. Pretermitting the question of whether Osorio's plaintiff attorney was acting in the best interest of his client, the ultimate issue before the Court is whether the ninety-day service requirement can be waived after it has passed. Louisiana courts have not specifically addressed this issue.
In 1997, the Legislature enacted legislation to address the problems created by withholding service. Particularly, La. C.C.P. art. 1672(C) was added to correlate with the addition to La. C.C.P. art. 1201(C), which now mandates that service be requested within ninety days of commencement of the action. When the latter service requirement is not complied with, La. C.C.P. art. 1672(C) requires an involuntary dismissal without prejudice to be entered upon the motion of the defendant.
Cubas correctly argues that La.C.C.P. art. 1201 B does not set a time limitation for the filing of the waiver. It requires only that the waiver be written and made part of the record. However, subsection C of La.C.C.P. art. 1201 commands that citations be requested on all named defendants within ninety days of commencement of the action. As Cubas did not request service of citation on Osorio within ninety days of commencement of the suit and did not execute a written waiver of the service within that time period, the trial court did not err in granting Osorio's exception of insufficiency of service. Johnson v. Brown, XXXX-XXXX (La.App. 4 Cir. 6/25/03), 851 So.2d 319.

CONCLUSION
For the reasons assigned, the judgment of the trial court granting the exception of insufficiency of service is affirmed.
AFFIRMED.
NOTES
[1] Osorio was represented by two attorneys: one who represented him in his capacity as a plaintiff against the defendant Brown, and the other who represented him as the insured defendant in the case which Cubas filed against him.