874 So.2d 913 (2004)
Dwayne J. LOCKETT
v.
Judge Kern REESE, et al.
No. 2004-C-0328.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 2004.
*914 Dwayne J. Lockett, New Orleans, LA, In Proper Person, Plaintiff/Respondent.
Charles C. Foti, Jr., Attorney General, Sonia Mallett, Assistant Attorney General, Baton Rouge, LA, for Defendant/Relator, Judge Kern Reese.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., and Judge MAX N. TOBIAS, Jr.).
MAX N. TOBIAS, JR., Judge.
We grant the application for supervisory writ of the defendant/relator, Judge Kern Reese (hereinafter "Reese"), to consider whether the trial court erred in overruling his "Motion to Dismiss" for the failure of Dwayne J. Lockett (hereinafter "Lockett"), the plaintiff/respondent, to request service upon him within 90 days of the filing of the petition. On 5 March 2004, we ordered that Lockett file a response, including therewith copies of all pleadings and motions that he filed in the trial court in this matter. Lockett timely filed a response. On 18 March 2004, we requested the parties to supplement the record before us with additional documents.
On 13 June 2003, Lockett filed a petition for damages against Reese and others alleging, inter alia, that Reese and Lockett's former wife, Rhea Woods Lockett (hereinafter, "Woods"), had had an intimate relationship prior to Lockett's marriage to Woods, that Woods testified on Reese's behalf in attorney disciplinary proceedings *915 against Reese, and that Reese had refused to recuse himself as judge hearing the divorce proceedings between Lockett and Woods.[1] Reese is a judge of the Civil District Court for the Parish of Orleans and therefore an employee of the State of Louisiana. Lockett alleges that Reese is liable in both his individual and official capacity as judge.
In his original petition filed on 13 June 2003, for purposes of citation and service of process, Lockett set forth the names and addresses of all defendants, including Reese, but noted in boldface and underlined letters: "WITHHOLD SERVICE AT THIS TIME." The request to withhold service clearly is meant to apply to all defendants. In his response to our 5 March 2004 order, Lockett alleges that on 8 September 2003 he filed an ex parte motion to extend the time to serve the defendants. Lockett states in this response to this court that:
The Judge deciding that plaintiff had shown "good cause" granted plaintiff and [sic] additional (30 days) or until October 10, 2003 to effect service. Plaintiff timely complied by issuing instructions to the Clerk of Court to serve the defendants.
We specifically note that Lockett does not allege that he sought an extension of time to request service. In his motion of 8 September 2003, Lockett alleged that the 90 days within which to serve (as opposed to request service upon) the defendants had not lapsed, that he had "recently requested information from Special Counsel of the Judicial [sic] Commission and the Louisiana Bar Association office of the Disciplinary Council [sic]" and that the information sought was needed "to amend and serve not only the citation and original petition, but also serve the citation and amended complaint." He also alleged that he brought suit to protect and preserve his rights and that in his original petition he reserved the right to supplement and amend his petition.[2] A judge of the trial court granted Lockett until 10 October 2003 to serve process upon the defendants; the trial court, contrary to Lockett's statement quoted above, cited no reasons of record for the grant of the order.[3] And the trial court did not by its order grant Lockett any additional time to request service.
Following service and citation upon him, Reese filed a motion to dismiss Lockett's suit on 5 December 2003 based upon La. R.S. 13:5107D, which provides:
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. The requirement may be expressly *916 waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
Following a hearing on 22 January 2004, the trial court denied the motion to dismiss and commemorated its ruling by judgment signed on 28 January 2004. The trial court reasoned that because Lockett had obtained an order from a Civil District Court judge allowing him "until October 10, 2003 to serve defendants," Lockett had timely complied with the court's order. (We note that Reese has never waived citation or service.) From that judgment, Reese timely filed the present application for supervisory review.
In Naquin v. Titan Indem. Co., XXXX-XXXX (La.2/21/01), 779 So.2d 704, the Louisiana Supreme Court held that La. R.S. 13:5107 respecting requesting service within 90 days was clear and unambiguous and must be applied as written. We are bound by that ruling.
Similar to La. R.S. 13:5107 is La. C.C.P. art. 1672. La. C.C.P. art. 1672C, which provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by [Code of Civil Procedure] Article 1201(C),[4] upon contradictory motion of the person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
Neither statute requires actual service within 90 days of the filing of the original petition. La. R.S. 13:5107, being a specific, special statute dealing with service of citation and process upon the state, a state agency, a political subdivision, or an officer or employee of the state, state agency or political subdivision, supersedes La. C.C.P. art. 1672C, a general statute respecting service of citation and process upon ordinary persons when the party to be served is the state, a state agency, a political subdivision, or an officer or employee of the state, state agency, or political subdivision. Macon v. Costa, 437 So.2d 806, 813 n. 14 (La.1983); Esteve v. Allstate Ins. Co., 351 So.2d 117, 121 (La.1977); Roby v. Board of Trustees of Employees Retirement System of New Orleans, 94-0671, p. 5 (La.App. 4 Cir. 1/31/95), 650 So.2d 811, 813.
In Cubas v. Brown, 03-0664 (La. App. 4 Cir. 9/3/03), 853 So.2d 1138, this court held that even though the defendant accepted service of the petition and waived citation more than 90 days after the action was commenced, failure of the plaintiff to request service of the citation within the 90 days specified by La. C.C.P. arts. 1672C and 1201C required the dismissal of the *917 suit without prejudice. See also, Johnson v. Brown, 03-0679 (La.App. 4 Cir. 6/25/03), 851 So.2d 319. It therefore follows, in light of Cubas, that one must actually request service of citation upon the state, a state agency, a political subdivision of the state, or any officer or employee thereof within 90 days from the date the action is commenced in the trial court. (Again we note that the statute does not require that service be actually made within 90 days, only that it be requested.) A person is not entitled to an extension of the time delay for any reason under La. R.S. 13:5107D absent good cause to request an extension of time to request service. We note specifically that Lockett only requested additional time to serve the defendants; he did not request additional time to request service. The order of the trial court only granted Lockett additional time to serve the defendants. It follows, therefore, that a trial court errs in granting a plaintiff, such as Lockett, an ex parte extension of time to request service of citation upon an officer or employee of the state when, as here, the plaintiff alleged damages relating to acts and actions of the judge in his official capacity and the mover fails to state actual bona fide, reasonable grounds for the delay. A party has no statutory duty to request an extension of time to effect service upon the defendant. In the case at bar, Lockett stated no legal grounds for the ex parte extension of time; whatever information he was seeking from the Judiciary Commission or the bar association could have been supplemented at a later date by an appropriate pleading. La. C.C.P. art. 1151.
In opposition to the application for a supervisory writ, Lockett cites Bordelon v. Medical Center of Baton Rouge, XXXX-XXXX (La.10/21/03), 857 So.2d 376, and Patterson v. Jefferson Davis Parish School Bd., XXXX-XXXXX (La.App. 3 Cir. 12/6/00), 773 So.2d 297, to support his position. We find that neither case supports a conclusion that Lockett is entitled to prevail under La. R.S. 13:5107D.
In Bordelon, supra, the Louisiana Supreme Court defined the issue before it:
We granted this writ application to determine whether failure to request service of citation on a defendant within 90 days of the filing of a lawsuit, as required by La. C.C.P. art. 1201, renders the entire lawsuit an absolute nullity by operation of law, such that the filing of that suit does not serve to interrupt prescription under La. C.C. art. 3463. After reviewing the record and the applicable law, we affirm the judgment of the court of appeal and find that, in the absence of non-service for bad faith reasons, the filing of the lawsuit interrupts prescription, even if the defendant is not served.
Id. at p. 1, 857 So.2d at 376. The court was concerned with whether prescription was interrupted against all parties after a dismissal of a first suit for failure to timely request service had an effect on a second suit filed against the same parties. The court was primarily concerned with a dismissal pursuant to La. C.C.P. art. 1672, which, as we noted above, technically applies to private persons, not the state, a state agency, a political subdivision of the state, or an officer or employee of the state, state agency, or political subdivision. In the case at bar, we are concerned only with a dismissal of Reese, a state employee; we do not address nor are we concerned with any other party defendant. Because Reese is a state employee and sued in that capacity, Lockett was required by La. R.S. 13:5107D to request service upon Reese within 90 days of the commencement of the action. No evidence of "good cause," required by La. C.C.P. art. 1672, appears in the record before us and a trial court's grant of an extension *918 must on its face reflect bona fide grounds for the extension specifically (or by incorporation) in its order. Unlike Bordelon, the issue of prescription is not before us.
In Patterson, supra, the Third Circuit affirmed a trial court decision that the plaintiff had failed to show good cause for withholding service beyond the 90-day limitation upon a school board employee. The court reasoned that the untimely-served defendant, a coach of a public high school athletic team, could easily be located at the school at which he worked; therefore, service could have been requested at the school, there being no requirement in law that service had to be made upon the defendant at his domicile.
The Third Circuit's decision supports our decision herein. We specifically note that in the case at bar (1) Lockett had Reese's residential address, for he stated it in his original petition requesting that service be withheld and (2) Reese was at all times a judge of the Civil District Court for the Parish of Orleans and service could have been requested upon him at the courthouse. Thus, no grounds are shown or existed for delaying the request for service.
The trial court below erred in giving effect to Lockett's ex parte extension of time to serve the citation. It therefore erred in failing to grant Reese's motion to dismiss Lockett's suit without prejudice.
For these reasons, we reverse the judgment of the trial court and dismiss without prejudice Lockett's suit against Reese.
WRIT GRANTED; JUDGMENT REVERSED.
NOTES
[1] Although Lockett makes other allegations, the underlying facts of the case are technically immaterial to the disposition of this writ; accordingly, they are neither detailed nor explained further herein.
[2] Although Lockett asserts in the motion that he reserved the right to supplement and amend in an allegation in his original petition, the statement is terminologically inexact, for no such allegation is made in the petition filed on 13 June 2003. Nevertheless, Lockett was free to supplement and/or amend his petition at any time before answer without leave of court and after answer could supplement and/or amend with leave of court. La. C.C.P. art. 1151.
[3] Specifically, the order stated that "plaintiff's motion to enlarge the period within which he may serve process to the defendants is granted until October 10, 2003."
[4] Article 1201(C) sets the time limit at 90 days from commencement of the action.