NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-838

ZOLTAN BOKA

VERSUS

DR. JOHN W. OLLER, JR., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20097288, DIV. F
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED.

Diogenis C. Panagiotis
Panagiotis & Armbruster
1540 W. Pinhook Rd.
Lafayette, LA 70503-3159
(337) 264-1516
COUNSEL FOR DEFENDANT/APPELLEE:
    Dr. John W. Oller, Jr.

**Robin L. Jones**
**Oats & Hudson**
**100 E. Vermilion St., Ste. 400**
**Lafayette, LA 70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **University of Louisiana at Lafayette**

**Zoltan Boka**
**In Proper Person**
**34-33 83rd Street**
**Jackson Heights, NY 11372**
**(518) 221-6303**

**EZELL, Judge.**

Zoltan Boka appeals the decision of the trial court granting Dr. John Oller's exception of insufficient service, thereby dismissing Mr. Boka's suit. For the following reasons, we hereby affirm the decision of the trial court.

Mr. Boka filed the current suit making several tenuous allegations of fraud that allegedly arose out of conversations he had with Dr. Oller concerning another professor at the University of Louisiana at Lafayette. Mr. Boka also had a suit against the university that has apparently been dismissed. At times, Mr. Boka conflated the two suits, making arguments pertaining to the other and even involving parties not present in the current litigation. Mr. Boka claims that Dr. Oller had a duty to voluntarily assist him in his struggle against ULL and/or that his failure to do so was part of a conspiracy to somehow defraud him. Throughout the history of this suit, Mr. Boka never requested that service of his original petition be made upon Dr. Oller. After roughly two years, Dr. Oller filed an exception of insufficiency of service of process. Dr. Oller's exception was heard on August 22, 2011. Mr. Boka was allowed to present evidence and argue his case. At the close of argument, the court concluded that the law and evidence were in favor of Dr. Oller and specifically found that Mr. Boka had not properly requested service of process, that service was ultimately made out of time, and that there was no good cause for delay. Judgment was rendered on August 30, 2011, in favor of Dr. Oller, dismissing Mr. Boka's claims. From that decision, Mr. Boka appeals.

Mr. Boka asserts twelve assignments of error on appeal. Many are not salient in any way to the litigation at hand. The remainder concern the trial court's granting of Dr. Oller's exception of insufficiency of service of process. Because service is the main issue before this court, we will address it first.

The manifest error/clearly wrong standard of review is applicable when a trial court dismisses an action for failure to timely perfect service of process. *Johnson v. Brown,* 03–679 (La. App. 4 Cir. 6/25/03), 851 So.2d 319; *Patterson v. Jefferson Davis Parish Sch. Bd.,* 00–580 (La.App. 3 Cir. 12/6/00), 773 So.2d 297. Louisiana Code of Civil Procedure Article 1201 states (emphasis added):

> A. Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. *Without them all proceedings are absolutely null*.
>
> . . . .
>
> C. *Service of the citation shall be requested on all named defendants within ninety days of commencement of the action.* When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

Many of Mr. Boka's attacks on the judgment below are allegations of procedural defects in the exception itself and in the trial court's ruling. We can find none.[1] Moreover, a request for service simply cannot be found in the record before this court. In fact, it is clear from a review of the record that service of citation for the suit was *never* requested by Mr. Boka.[2] While service of the suit was eventually made upon Dr. Oller, it was nearly two years after the suit began and was still not done at Mr. Boka's request, but by the clerk of court on his own

---

[1] One example of these specious assertions is Mr. Boka's claim that the trial court heard claims raised for the first time in memoranda concerning the exception of insufficiency of process when the exception pleading itself clearly sets forth these claims in plain detail well before the challenged memoranda was submitted.

[2] Mr. Boka claims that evidence attached to an allegedly untimely memorandum in support of the exception should not be considered. Even accepting this argument on its face, nowhere in the record can there be found evidence of the required request for service, rendering this claim moot at best.

2

in conjunction with serving Dr. Oller notice of a hearing date. Even had this been at Mr. Boka's behest, it would have been far outside the ninety days required by La.Code Civ.P. art. 1201. Further, the record contains no evidence of good cause for failure to request service, as Mr. Boka clearly knew Dr. Oller's address. Accordingly, there was no manifest error in the trial court's dismissal of his claims under the requirements of La.Code Civ.P. art. 1201. Because his suit was properly dismissed, any remaining assignments of error need not be addressed, as they are rendered moot by the dismissal of Mr. Boka's suit.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Mr. Boka.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.