805 So.2d 325 (2001)
Dorothy J. FUTRELL, Brent M. Futrell, and Stephanie L. Futrell
v.
John R. COOK, M.D., Benjamin A. Guider, M.D., Chelsey Hines, Jr., M.D., Mercy Baptist Medical Center, St. Paul Fire and Marine Insurance Company, and Louisiana Medical Mutual Insurance Company.
No. 2000-CA-2531.
Court of Appeal of Louisiana, Fourth Circuit.
December 19, 2001.
*326 Ernest S. Anderson, Donald B. Cameron, Anderson & Anderson, Slidell, LA, Counsel for Plaintiff/Appellant.
Edward J. Rice, Jr., Arthur F. Hickham, Jr., Adams and Reese, New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge STEVEN R. PLOTKIN, Judge MICHAEL E. KIRBY.
WILLIAM H. BYRNES, III, Chief Judge.
On December 20, 1999, the plaintiffs, Dorothy, Brent and Stephanie Futrell, filed a medical malpractice lawsuit against three physicians, a hospital and two insurers, alleging that the defendant physicians failed to diagnose Leon Futrell's kidney cancer when they treated him in 1994 and 1995.[1] On their petition, the plaintiffs noted that service instructions would be provided at a later date. On the date the lawsuit was filed, the plaintiffs sent a copy of the petition, not filed, to counsel for two defendants, Dr. John Cook and his insurer, Louisiana Medical Mutual Insurance Company (hereinafter "the defendants").[2] In the letter that accompanied the copy of the petition, the plaintiffs' counsel asked whether the defendants were willing to execute a waiver of service as to the petition.
On January 3, 2000, counsel for the defendants responded to this letter, stating:
Please be advised that we have recently received authorization from both Dr. John Cook and Louisiana Medical Mutual Insurance Company to accept service on their behalf of the lawsuit, which you are filing on behalf of your client in the above captioned matter.

*327 There will be no need for you to request that the sheriff's office serve me but you need only send me a letter with a filed copy of the lawsuit.
The plaintiffs never sent a filed copy of the lawsuit to counsel for the defendants. Consequently, the parties agree, defendants' counsel called plaintiffs' counsel in June 2000, inquiring as to whether the plaintiffs intended to pursue the matter. In a letter of June 16, 2000, the plaintiff's counsel requested defendants' counsel to sign an enclosed waiver of service form. By letter of June 27, 2000, the defendants' counsel refused. The plaintiffs then served the defendants with the petition on July 5 and 6, 2000.
The defendants filed exceptions of prescription and lack of service of process on July 21, 2000, seeking to have the plaintiffs' claims against them dismissed for failure to request service within ninety days of filing the petition. The trial court had a hearing on the exceptions on September 8, 2000. In a judgment of September 13, 2000, the trial court maintained the exceptions and dismissed the plaintiffs' lawsuit against these defendants.
On September 29, 2000, the trial court issued the following reasons for judgment:
Plaintiff[s] failed to request service of the Petition within ninety (90) days of filing as is required by C.C.P. art. 1201 and therefore these proceedings were dismissed pursuant to C.C.P. art. 1672(C). Further, in these circumstances, interruption of prescription is considered never to have occurred. See La.R.S. 9:5801.
The plaintiffs appeal this judgment. We affirm in part and reverse in part.
In five assignments of error, the plaintiffs' arguments on appeal can be summarized as follows. The plaintiffs contend that the trial court erred in failing to find that the defendants waived service of process under La.Code Civ.P. art. 1201(C) and that the plaintiffs had good cause for failing to request service on the defendants within the statutory time period. Further, the plaintiffs argue that the trial court erred in maintaining the exception of prescription absent a finding that the plaintiffs were in bad faith. Alternatively, they also argue that the trial court erred in maintaining the exception of prescription because the defendants failed to prove when the plaintiffs discovered the alleged acts of malpractice.
La.Code Civ.P. art. 1201(C) provides:
Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. Defendant may expressly waive the requirements of this Paragraph by any written waiver.
The plaintiffs' first argument is that the January 3, 2000 letter by the defendants' counsel satisfied the "any written waiver" requirement of this statute. This argument, however, would have merit if the plaintiffs had complied with the defendants' counsel's instruction contained in the letter to send a filed copy of the petition. Without a filed copy of the petition, the defendants' counsel reasonably concluded that the plaintiffs had decided not to pursue an action against his clients. No waiver occurred because the plaintiffs did not fulfill the stated condition for the waiver.
If a plaintiff fails to request service of the petition within ninety days as required by article 1201(C), any defendant for whom service has not been requested is entitled to a judgment dismissing the action without prejudice as to that defendant. *328 Such a dismissal should not be reversed in the absence of manifest error. Patterson v. Jefferson Davis Parish School Board, XXXX-XXXXX (La.App. 3 Cir. 12/6/00), 773 So.2d 297, 299. La.Code Civ.P. art. 1672(C) provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
The plaintiffs argue that their "good cause" for not requesting service upon the defendants within the statutory time period was that the express waiver in the defendants' counsel's letter led them to believe that they did not have to serve the defendants and that their counsel was simply following standard procedure, particularly in a medical malpractice case, of requesting a waiver of service. Considering that we have already determined that the waiver contained in the letter was not effective in this case without the defendants' receipt of a filed copy of the petition, we do not find that the plaintiffs made a sufficient showing that good cause existed for their failure to timely request service.
The instant case is clearly distinguishable from Cantrelle v. Block, XXXX-XXXX (La.App. 1 Cir. 5/11/01), 808 So.2d 593, a case cited by the plaintiffs which involved extensive discussions between counsel and the parties regarding service and the extension of professional courtesies by the plaintiffs' counsel to the defendant, an attorney.
We further find that the hearing on the exceptions in the trial court sufficed as a contradictory motion required by article 1672(C). Furthermore, because the statute permits the trial court, on its own motion, to dismiss the action against an untimely-served defendant, we find no error in the dismissal being part of a judgment on exceptions. As the court in Bellard v. Lake Charles Memorial Hospital, XXXX-XXXX (La.App. 3 Cir. 4/4/01), 787 So.2d 1017, 1019, stated, "The provisions of La.Code Civ.P. art. 1672(C) mandating dismissal for lack of service are nothing more than a recognition of the nullity of the existing action."
Considering the particular facts of this case, we find no error in the trial court's decision to dismiss the action without prejudice as to the defendants in accordance with article 1672(C). We find no merit in the plaintiffs' arguments in this regard.
The plaintiffs next argue that the trial court erred in maintaining the exception of prescription absent a finding that the plaintiffs acted in bad faith. The reversal of the granting of an exception of prescription requires a finding of manifest error. See Davis v. Hibernia National Bank, 98-1164 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, 63, writ denied 99-0897 (La.9/3/99), 747 So.2d 536. We find merit in the plaintiffs' argument, not because the trial judge failed to state that he found evidence of bad faith, but because the record does not support a finding of bad faith which is a prerequisite to maintaining the exception of prescription.
The portion of the judgment that maintained the defendants' exception of prescription was based upon La.R.S. 9:5801. This statute provides:
Notwithstanding the provisions of Civil Code article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and *329 the court finds that the failure to timely request service of citation was due to bad faith.
Nonetheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code article 3463, shall continue. (Emphasis added.)
The defendants argue that a plaintiffs required showing of "good cause" under La.Code Civ.P. art. 1672(C) equates with a court's finding of "bad faith" needed in La.R.S. 9:5801. We find no basis for this argument in reason or the law. Because the hearing on the exceptions is not contained in the record, we do not know if the trial court addressed the issue of bad faith. Clearly, the statute requires that the trial court had to have made such a factual finding to grant the exception of prescription. Our review of the record, however, convinces us that the trial court clearly erred in maintaining this exception. The record as it currently exists supports no finding of bad faith on the part of the plaintiffs or their counsel, only mistake or inadvertence.
Considering our ruling, we will not address the plaintiffs' final argument alleging error in maintaining the prescription exception.
Accordingly, we affirm the judgment of the trial court insofar as it maintained the defendants' exception of lack of service of process and dismissed the plaintiffs' action without prejudice as to the defendants pursuant to La.Code Civ.P. art. 1672(C). We reverse the judgment of the trial court insofar as it maintained the defendants' exception of prescription pursuant to La. R.S. 9:5801.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] The plaintiffs filed the lawsuit after receiving the opinion of the medical review panel favorable to the defendants.
[2] The other defendants answered the lawsuit and are not part of this appeal.