851 So.2d 319 (2003)
Russell JOHNSON
v.
Donnie M. BROWN et al.
No. 2003-C-0679.
Court of Appeal of Louisiana, Fourth Circuit.
June 25, 2003.
*321 Constance C. Hobson, Borrello, Olinde & Dubuclet, Metairie, LA, for the Defendants/Relators.
Ammon L. Miller, Jr., Law Offices of Ammon L. Miller, Jr., New Orleans, LA, for Plaintiff/Respondent.
(Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge PATRICIA RIVET MURRAY, and Judge DAVID S. GORBATY).
WILLIAM H. BYRNES, III, Chief Judge.
The defendants, Donnie M. Brown, Yvette B. Brown, and Liberty Mutual Insurance Company ("Liberty Mutual"), request a review of the city court's denial of their exception of citation and/or insufficiency of service of process, as well as an exception of prescription. We reverse in part.

Procedural History
The plaintiff, Russell Johnson, instituted the present suit seeking recovery of damages for injuries allegedly sustained in a vehicular collision that occurred on May 26, 2001. The plaintiff filed suit on May 24, 2002, naming as defendants Donnie Brown, the driver of the other vehicle, Yvette Brown, the owner of the other vehicle, and Liberty Mutual Insurance Company, the Browns' insurer. The plaintiff noted on the petition that service and citation was to be held until further notice. The plaintiff requested service and citation on the defendants on December 6, 2002. The Browns were served with the petition and citation on January 5, 2003. Liberty Mutual Insurance Company was served with the petition and citation on January 3, 2003.
On February 5, 2003, the defendants filed exceptions of insufficiency of citation and/or insufficiency of service of process and prescription. The defendants argued that since they were not served within ninety days of the filing of the suit, plaintiff's suit should be dismissed. After a hearing on March 13, 2003, the trial court rendered a written judgment on March 18, 2003, denying defendants' exceptions. The defendants timely filed a writ application.

Exception of Insufficiency of Citation and/or Insufficiency of Service of Process
The defendants contend that plaintiff's suit should be dismissed under La. C.C.P. article 1672 C. The article provides, in pertinent part:
*322 Art. 1672 Involuntary dismissal

* * *
C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specific time. [Emphasis added.]
La. C.C.P. article 1201 C states in pertinent part:
Art. 1201. Citation; waiver; delay for service
Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. [Emphasis added.]
The manifest error standard of review applies to the trial court's dismissal of a suit for failure of the plaintiff to request timely service under the above articles. Futrell v. Cook, 2000-2531 (La.App. 4 Cir. 12/19/01), 805 So.2d 325.
In the present case, the plaintiff failed to seek service of the petition and citation on the defendants within the ninety-day period. The plaintiff claims that he held service pursuant to a request from defendants' adjuster to hold service while she investigated the claim. The plaintiff maintains that the suit should not be dismissed because, while he did not serve defendants within the ninety-day period, he did mail a clocked copy of the petition to the defendants' adjuster. In effect, the plaintiff is equating an oral waiver with "good cause."
Defendants argue that the only correspondence sent to the plaintiff from the adjuster acknowledged a request for damages but made no written mention of the holding or waiving of service. The defendants submit that the plaintiff failed to show "good cause" why the plaintiff did not request service within the requisite ninety-day time period.
In Cantrelle v. Block, XXXX-XXXX (La. App. 1 Cir. 5/11/01), 808 So.2d 593, in a legal malpractice action, in attempting to convenience and accommodate the defendant, plaintiffs' counsel discussed the decision to withhold service extensively with the defendant and his counsel, who were in agreement with the decision. The First Circuit held that the professional manner and courtesies extended by the plaintiffs' counsel to the defendant constituted "good cause" to prevent dismissal of the legal malpractice action.
In Futrell v. Cook, supra, this Court found that the defendants did not waive service within the ninety-day period following the beginning of the action, during which the plaintiffs/relatives of a patient were required to serve the defendants, the treating physician and his insurer, with a medical malpractice claim. In a written letter to the plaintiffs, the defendants agreed to waive service on the condition that they received a filed copy of the petition from the plaintiffs; however, the plaintiffs never sent the filed copy, and this Court found no waiver and no "good cause" to prevent the plaintiffs' timely request for service on the defendants. This Court distinguished Cantrelle v. Block and stated:
The instant case is clearly distinguishable from Cantrelle v. Block, XXXX-XXXX (La.App. 1 Cir. 5/11/01), 808 So.2d 593, a *323 case cited by the plaintiffs which involved extensive discussions between counsel and the parties regarding service and the extension of professional courtesies by the plaintiffs' counsel to the defendant, an attorney.
Id., 805 So.2d at 328.
Futrell and the present case do not involve the extension of professional courtesies to an attorney regarding service that were extended to the defendant who was an attorney in a legal malpractice claim in Cantrelle v. Block. Although the holding in Cantrelle appeals to this Court's sense of professionalism and fair play, it is difficult to reconcile it with the explicit requirement that waivers of service under La. C.C.P. art. 1201 must be in writing.
La. C.C. art. 13 states that: "Laws on the same subject matter must be interpreted in reference to each other." If an oral waiver could constitute "good cause" under La. C.C.P. art. 1762, it would contravene the La. C.C.P. art. 1201 requirement that the waiver must be in writing. This would be contrary to the rules of statutory construction. It is clear that under La. C.C.P. art. 1201, an oral waiver is insufficient.
Louisiana jurisprudence reflects that "good cause" relates to whether there was some impediment that prevented the plaintiff from requesting timely service on the defendant.
In Anderson v. Norfolk Southern R. Co., XXXX-XXXX (La.App. 4 Cir. 3/27/02), 814 So.2d 659, writ denied XXXX-XXXX (La.9/20/02), 825 So.2d 1169, this Court noted that under the long-arm statute, where the defendant is a non-resident, the citation and petition is issued to the plaintiff. It is the plaintiff's responsibility to mail, by certified or registered mail, the citation and petition to the defendant. Plaintiff's counsel averred that despite his request for issuance of the long-arm citation in May 2001, the clerk's office failed to forward the citation to him. The plaintiff claimed counsel did not discover that the clerk's office did not issue the citation until three days after the 90-day period. This Court reversed the trial court's denial of the motion to dismiss that was based on the finding it was not through the fault of the plaintiffs that the clerk's office did not timely produce the long-arm statute citations. This Court found that the plaintiff could not explain why he could not have ascertained the status of the citation until after the statutory period had run. This Court concluded that the request for service three days after the ninety-day period had expired strongly suggested that plaintiff's counsel either miscalculated or "miscalendared" the deadline, and such inadvertence did not constitute "good cause."
In Vicedomini v. Pelts & Skins, 2001-2268 (La.App. 1 Cir. 2/15/02), 808 So.2d 867, writ denied XXXX-XXXX (La.5/24/02), 816 So.2d 850, the plaintiffs failed to show "good cause" for not timely requesting service of citation and petition on the defendants in a tort action. Filing an answer and discovery interrogatories with a request for production did not constitute an express waiver of the service requirements. The First Circuit stated: "the legislature has provided that implied written waivers are not sufficient and express or implied oral waivers are not sufficient; the waiver must be express and written." The defendants specifically preserved the right too object to the insufficiency of service of process by stating in their answer that the plaintiff's petition had not been served on the defendants. The First Circuit found that there was no evidence of any impediment that would have prevented the plaintiffs *324 from timely requesting service.[1]
In Bolner v. Daimler Chrysler Corp., XXXX-XXXX (La.App. 5 Cir. 6/26/02), 820 So.2d 1252, writ denied, 2002-2263 (La.11/15/02), 829 So.2d 430, the Fifth Circuit held that the automobile purchaser's amended petition against the seller was ineffective for failure of the purchaser to request service within ninety days of filing the amended petition. Although the plaintiff's counsel did not request service, according to the certificate of service, counsel sent a copy by certified mail to the defendants. Where there was no service of the amending petition, the trial court entered a judgment of involuntary dismissal. The Fifth Circuit held that the defendant/seller's actions in answering and participating in the litigation did not constitute a waiver of the declinatory exception of the insufficiency of the service of process. The defendant only filed an answer to the original petition, not the amended petition. The seller's participation was based only on the original petition's allegations. The amended petition was subject to involuntary dismissal. The Fifth Circuit affirmed the trial court's dismissal of the case.[2]
In Rollins v. City of Zachary, XXXX-XXXX (La.App. 1 Cir. 2/16/01), 808 So.2d 439, in May 1999, the plaintiffs filed a petition for damages in a personal injury action where a pedestrian was hit by a vehicle on the highway. In an affidavit, the plaintiffs' attorney claimed that he mailed a letter dated July 29, 1999, to the Clerk of Court, requesting service upon all of the defendants. The plaintiffs claimed that the insurance company's request for an extension of time led the plaintiffs to believe that the plaintiffs' request for service on the defendants had been received by the Clerk of Court. The First Circuit held that the insurance company's request for an extension of time did not constitute "good cause" as the plaintiffs could have sent the request of service by certified mail, hand-delivered the request, or placed a telephone call to verify that the Clerk of Court's office had received the service request. It was incumbent on the party sending a request by ordinary mail to ensure or verify that the Clerk of Court received the request. The First Circuit affirmed the trial court's judgment that granted the defendants' motion to dismiss without prejudice.
In Rivers v. Groth Corp., 95-2509 (La. App. 1 Cir. 9/27/96), 680 So.2d 762, the First Circuit rejected the Officer of Worker's Compensation Administration's claim that citation and service had been waived at the end of the mediation conference where the claim was unsupported by written evidence in the form of a written waiver by the defendants or an affidavit or sworn testimony of the mediator. This could be construed to indicate that an affidavit or sworn testimony might suffice. However, in Rollins v. City of Zachary, supra, the plaintiff's counsel's affidavit that he mailed a request for service to the Clerk's office was not adequate to establish "good cause."
In the present case, although the plaintiff asserts that the defendants orally *325 had asked the plaintiff to hold request of service, the plaintiff was still bound to the requirements of La. C.C.P. arts. 1672 and 1201 to file the request of service within the ninety-day time period without a written waiver. The plaintiff showed no impairment that would keep him from sending his timely request for service. The defendant's oral waiver is not equivalent to "good cause," where La. C.C.P. art. 1201 requires that the defendant's waiver of the plaintiff's request for service should be written to prevent involuntary dismissal.
In Norbert v. Loucks, XXXX-XXXX (La.6/29/01), 791 So.2d 1283, the Louisiana Supreme Court held that the mere unawareness, by the personal injury plaintiff's prior counsel, of the location of one purported owner, manager, or operator of the building at which plaintiff allegedly slipped and fell was not "good cause" that prevented dismissal of the action without prejudice, based on failure to timely request service of the citation on all the named defendants. The plaintiff did not contend that the address of the defendant could not be ascertained nor that the defendant willfully made efforts to conceal her location, and the plaintiff's new counsel was able to locate the defendant and request service within two months of being retained as counsel.
A personal injury action prescribes if not filed in one year unless the plaintiff shows a valid reason for the delay such as a proper claim of contra non valentem. The plaintiff can negotiate with an attorney for a personal injury case but must file suit within one year. Just as the plaintiff must adhere to the strict requirements of prescription, the plaintiff must adhere to the strict requirements of the time period for the plaintiff's request of service on the defendants. Without the defendants' written waiver of service, the present case provides no showing of an impediment, constituting "good cause" (such as the example of the defendant's concealment of her location as described in Norbert v. Loucks, id.,) that would have prevented the plaintiffs from timely requesting service.
In Naquin v. Titan Indem.Co., XXXX-XXXX (La.2/21/01), 779 So.2d 704, in an automobile collision personal injury action against government defendants, La. R.S. 13:5107(D) applied. That statute provides for a ninety-day limitation for the plaintiff to request service on government defendants. La. R.S. 13:5107(D) as amended by Act 518 contained language allowing the provisions to be expressly waived by written waiver. Although the Louisiana Supreme Court found that the amended statute did not apply to that suit, the Supreme Court stated that "La. C.C.P. art. 1201, governing service of citation generally, provided that `[t]he defendant may expressly waive citation and service thereof by any written waiver made part of the record.'" Id., 779 So.2d at 709.
In Naquin, the Louisiana Supreme Court held that: "... it is well accepted that even a defendant's actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions." [Emphasis added.] Id., 779 So.2d at 710. While letters from the two insurance adjusters acknowledged receipt of the petition, the Supreme Court noted that:
... [N]either letter expressly states that either [defendant] waived service of the petition and citation. Thus, neither defendant "expressly waive[d] citation and service thereof." La.Code Civ. P. art. 1201. This argument also lacks merit.
Id.
The Louisiana Supreme Court stated:
Plaintiff next argues that defendants should be estopped from asserting his *326 failure to comply with the requirements of La. R.S. 13:5197 because they had received the petition and negotiated with him toward a possible settlement. However, the fact that defendants have knowledge of the pending suit does not satisfy plaintiff's obligation to request service within ninety days of the filing of a suit against a governmental defendant. Moreover, the provisions of Act 63 did not place an unreasonable burden on plaintiff and it is not reasonable to believe, in light of the mandatory language contained in the Act, that ongoing settlement negotiations absolve a litigant of his responsibility to comply with its requirements. [Emphasis added.]
Id.
In the present case, on August 28, 2002, the insurance adjuster sent to the plaintiff a reply letter, stating the following:
This is to acknowledge receipt of your demand letter dated May 28, 2002. I will need to obtain a recorded statement and a medical authorization form in order to complete my investigation of the claim. Please contact me to schedule a convenient date/time.
The defendant's August 28, 2002 letter (in response to the plaintiff's transmittal that attached a copy of the petition) does not contain language that would constitute a written waiver of service required under La. C.C.P. art. 1201. Nor is there anything in the language of the letter that established "good cause" for withholding service.
As a matter of policy, to avoid any question as to the mandated requirements of La. C.C.P. arts. 1201 and 1672, a strict adherence to the necessary requirements is essential. Otherwise, a less strict interpretation would create confusion from various interpretations by the parties. Varied interpretations would result in "splitting hairs," and it would be unclear to the litigants when service of process could be waived. It is just such confusion, as well as the disputes arising out of such confusion, that the La. C.C.P. art. 1201 written waiver requirement was intended to eliminate. The cases discussed in this opinion demonstrate the confusion that would arise if the legislature did not mandate that the waiver must be expressly written.
Proper citation is the cornerstone of all actions and actual knowledge cannot supplant the need for strict compliance with the requisites of proper citation. Rivers v. Groth Corp., supra, 680 So.2d at 763. The necessity for the plaintiff's timely request of service is fundamental and warrants strict compliance just as the fundamental requirements for filing an action timely must be strictly followed.
In the present case, the plaintiff's claim that he held off service of process as requested by the Liberty Mutual adjuster does not establish "good cause" showing why service could not be requested under La. C.C.P. art. 1672. In light of Naquin, negotiations with the insurance adjuster did not constitute "good cause" and did not absolve the plaintiff of his responsibility to request service of process within ninety days of filing the lawsuit.
In the present case, the trial court's ruling that denied the defendants' exception of insufficiency of citation and/or service of process was manifestly or clearly erroneous.

Prescription
The defendants also argue that since the plaintiff failed to serve the defendants with the petition and citation within the ninety-day period, prescription was not interrupted when the suit was filed and *327 therefore, plaintiff's claims against the defendants have prescribed.
La. R.S. 9:5801 provides:
Notwithstanding the provisions of Civil Code article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith. Nonetheless, as to any other defendants or obligors, as interruption of prescription, as provided in Civil Code article 3463, shall continue. [Emphasis added.]
In Futrell v. Cook, supra, this Court held that "good cause" in La. C.C.P. article 1672(C) does not equate with the "bad faith" of La. R.S. 9:5801. This Court stated that the statute (La. R.S. 9:5801) requires the trial court to make a factual finding of bad faith. Futrell, p. 6, 805 So.2d at 329. In the present case, the defendants have produced no evidence suggesting that the plaintiff's failure to timely request service was due to bad faith. Thus, the trial court did not err when it denied the defendants' exception of prescription.
Accordingly, the trial court's judgment denying the exception of insufficiency of citation and/or insufficiency of service of process is reversed. The defendants' exception is maintained and the plaintiff's action is dismissed without prejudice. The trial court's judgment denying the defendants' exception of prescription is affirmed.
WRIT GRANTED; REVERSED IN PART.
NOTES
[1] In the appellate opinion, the dissent maintained that the defendants had submitted to the personal jurisdiction of the court and, therefore, had waived their right to raise an objection to the insufficiency of service.
[2] The dissent asserted that the fact that the defendants engaged in discovery for a one-and one-half year period, constituted appearances and participation based on the allegations of both the original and amended petitions. By these actions the defendants waived their right to object on the basis of lack of service of process.