I,GASKINS, J.
The plaintiffs, James and Kay Coker, appeal from a trial court judgment which granted an exception of prescription filed by Donald Ray Taylor, II, one of the defendants. We reverse and remand.
FACTS
On September 4, 2000, a fire destroyed the plaintiffs’ mobile home, barn and fields in Logansport, DeSoto Parish. On March 21, 2001, the plaintiffs filed suit against their neighbors, Rusty and Sissy Morris and their insurer, ABC Insurance Company, asserting that “unknown children” visiting the Morris property started the fire. Also named as defendants were “John and Mary Doe,” the parents of the unknown children, and their insurer, XYZ Insurance Company.
On September 4, 2001, the plaintiffs filed a first supplemental and amending petition, in which they substituted Kim Morris Taylor Mays (the Morrises’ daughter) and Donald Ray Taylor, II, for “John and Mary Doe.” The plaintiffs gave an address for serving Kim in Shreveport, but requested a hold on service for Donald. Kim was served on September 17, 2001.
The record shows that domiciliary service was made on Donald on July 3, 2002. On September 13, 2002, Donald filed a motion to dismiss without prejudice. He asserted that under La. C.C.P. art. 1201(C)[1], service should have been re *918 quested within 90 days of the filing of a supplemental or amended petition. He contended that the plaintiffs did not send a letter to |¡>the DeSoto Parish Clerk of Court requesting service on him until June 28, 2002, more than 240 days after filing the supplemental and amending petition. He sought dismissal under La. C.C.P. art. 1672(C)[2] due to the plaintiffs’ failure to timely request service.
In their opposition to the motion to dismiss, the plaintiffs contended that they learned during the June 2001 depositions of the Morris couple that Kim Mays and Donald Taylor were the parents of Nicholas Taylor, one of the children on the Morris property on the day of the fire. (Due to earlier responses to interrogatories, the plaintiffs believed that the parents of Nicholas Taylor were Kim and Lane Mays.) The Morrises provided an address for Kim only. After the Morrises’ attorney provided Donald’s address on June 27, 2002, the plaintiffs requested service on him the next day.
A hearing was held on the motion to dismiss on October 14, 2002. Donald testified that he lived in Mansfield and owned a liquor store. He stated that his name appeared in the parish conveyance and mortgage records; that he had licenses (business, liquor, and video poker) which were public record; that he paid property taxes; and that he was a registered voter. He admitted that he and his former wife, Kim Morris, were the parents of Joseph Nicholas Taylor, who was bom in May 1987. They have joint | ¡¡custody, and he pays monthly child support. He conceded that Kim and her parents knew his whereabouts.
The matter was taken under advisement. In late October 2002, the trial court issued a judgment dismissing the suit against Donald without prejudice for failure to timely request service of process as required by law.
On November 15, 2002, the plaintiffs filed a second supplemental and amending petition in which they named Donald as a defendant. He was served on November 19, 2002.
In early December 2002, Donald filed an exception of prescription based upon La. R.S. 9:5801.[3] He asserted that the plaintiffs’ failure to exercise due diligence in ascertaining his whereabouts amounted to bad faith under the statute and that, consequently, there was no interruption and the plaintiffs’ claims against him were prescribed.
*919 On January 8, 2003, a hearing was held on the exception of prescription. It was stipulated that Donald’s testimony would be the same as that adduced at the motion to dismiss. As to the issue of bad faith, his counsel stipulated that the plaintiffs and their counsel were not trying to defraud anyone. The court denied the plaintiffs’ motion to dismiss the exception based upon Donald’s failure to prove bad faith. Counsel for the plaintiffs, Kenneth Haines, testified as to his investigation of the case and the process by which he learned that Donald’s son was involved in the fire. |4He also testified as to his attempts to obtain Donald’s address from Kim and the Mor-rises. Haines testified that since he did not know that Donald lived in DeSoto Parish, he made no effort to check the DeSoto Parish records for his address. He further testified that he gained no advantage due to the delay in service and that he had no ill will against Donald. It was stipulated that Haines and the attorney for the Morrises agreed to not take depositions until all parties were brought into the suit and served. The matter was then taken under advisement. On January 17, 2003, the trial court signed a judgment granting the exception and dismissing the plaintiffs’ claims against Donald.
The plaintiffs appeal.
DISCUSSION
As previously quoted, La. C.C.P. art. 1201(C) mandates service on a defendant within 90 days of the filing of the petition naming him as a party. La. C.C.P. art. 1672(C) requires that an action be dismissed without prejudice when service is not requested within 90 days unless good cause is shown why it could not have been requested. According to La. R.S. 9:5801, if service was not requested timely and that failure was a result of bad faith, there is no interruption of prescription as to a defendant dismissed due to the lack of timely service.
After Donald was named as a defendant but not served timely, he filed a motion to dismiss under La. C.C.P. 1672(C), which required the plaintiffs to show good cause why service could not have been requested. The trial judge ruled that they had not shown good cause, and the matter | ¿was dismissed without prejudice against Donald. The plaintiffs then filed suit against Donald again, and he was duly served. The inquiry then became whether the previous suit interrupted prescription, which it would not have under La. R.S. 9:5801 if the plaintiffs had been in bad faith. The trial court granted Donald’s exception of prescription, and it is this ruling which we now review.
In his exception of prescription, Donald asserted that the plaintiffs “failed to exercise due diligence and put forth a good faith effort in their attempt to locate” him. He further alleged that the plaintiffs’ “failure to exercise due diligence in ascertaining the whereabouts of Mr. Taylor amounts to bad faith.”
At the hearing on the exception of prescription, Donald’s counsel stated the following:
I will stipulate for the record that I’m not suggesting that Mr. Haines tried to defraud anybody or that his clients tried to defraud anybody. I think this is really a legal argument in terms of, you know, in our view there’s no such thing as little faith or no faith. You’re either in good faith or you’re in bad faith. When he made his good faith defense last time, it didn’t carry any weight with the Court and so to me it’s a repeat of the same thing.
It is apparent that Donald equated failure to show “good cause” under La. C.C.P. art. 1672(C) with a finding of “bad faith” under La. R.S. 9:5801. However, like the *920 court in Futrell v. Cook, 2000-2531 (La.App. 4th Cir.12/19/01), 805 So.2d 325, we find that such is not the case.
In Futrell, supra, the appellate court reversed the granting of an exception of prescription in a medical malpractice case because the record failed to support a finding of bad faith under La. R.S. 9:5801. In so ruling, 1 fithe court rejected the defendants’ argument that equated the plaintiffs’ failure to make the requisite showing of “good cause” under La. C.C.P. art. 1672(C) with a finding of “bad faith” under La. R.S. 9:5801. Instead, the court found the facts of that case only supported mistake or inadvertence. See also Johnson v. Brown, 2003-0679 (La.App. 4th Cir.6/25/03), 851 So.2d 319. Also, La. R.S. 9:5801 requires that the trial court make a factual finding of bad faith. Futrell, supra; Johnson v. Brown, supra.
La. R.S. 9:5801 does not define “bad faith.” However, the Black’s Law Dictionary provides the following definition:
The opposite of ‘good faith’, generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one’s rights or duties but by some interested or sinister motive.
The term bad faith means more than mere bad judgment or negligence; it implies the conscious doing of a wrong for dishonest or morally questionable motives. Bond v. Broadway, 607 So.2d 865 (La.App. 2d Cir.1992), writ denied, 612 So.2d 88 (La.1993).
In Jacobs v. Louisiana Farm Bureau Insurance Companies, 2001-837 (La.App. 3d Cir.12/19/01), 815 So.2d 858, writ denied, 2002-0193 (La.3/28/02), 811 So.2d 946, that court noted that when the legislature enacted La. C.C.P. art. 1672(C) in 1997, it also enacted La. R.S. 9:5801, “which provides a safeguard against a party who might consider using the filing delays and refilings, without effecting service, as a strategy.” That sort of strategy appears to be the “sinister motive” that La. R.S. 9:5801 was meant to curtail.
[ 7A careful review of the record reveals no bad faith in the actions of the plaintiffs or their counsel. While there may have been some inadvertence in their failure to obtain Donald’s address for service at an earlier date, there is no evidence in this record indicating that the plaintiffs or their counsel acted with any “sinister motive” that could be construed as “bad faith” under La. R.S. 9:5801. Accordingly, we find that the trial court’s granting of the exception of prescription was manifestly erroneous.
CONCLUSION
The trial court judgment granting the exception of prescription in favor of Donald Ray Taylor, II, is reversed. The matter is remanded to the trial court for further proceedings.
Costs are assessed against Donald Ray. Taylor, II.
REVERSED AND REMANDED.

. La. C.C.P. art. 1201(C) states:
Service of the citation shall be requested on *918 all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. [Emphasis added.]

. La. C.C.P. art. 1672(C) provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court’s own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time. [Emphasis added.]

. This statutes provides:
Notwithstanding the provisions of Civil Code Article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith. Nonetheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code Article 3463, shall continue. [Emphasis added.]