899 So.2d 810 (2005)
Travis ABELS, Plaintiff-Appellant
v.
GENERAL MOTORS CORPORATION, Adesa, Ark-La-Tex Auto Auction, Wausau Nationwide Insurance Group, Cindy Peyton, ABC Corporation and XYZ Insurance Company, Defendant-Appellee.
No. 39,489-CA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
*811 Phillip Lawrence, for Appellant.
Cook, Yancey, King & Galloway by Samuel W. Caverlee, Douglas Lee Harville, Shreveport, for Appellee Intermodal Transportation Services.
Corkern & Crews by Ronald E. Corkern, Jr., Jason O. Methvin, Natchitoches, for Appellee Empire Fire & Marine Ins. Co.
Bodenheimer, Jones, Szwak & Winchell by Mary E. Winchell, Shreveport, for Appellee Universal Underwriters Ins. Co.
Before STEWART, PEATROSS and LOLLEY, JJ.
LOLLEY, J.
Travis Abels appeals a judgment granting an exception of prescription in favor of Intermodal Transportation Services, Inc. ("ITS") by the First Judicial District Court, Parish of Caddo, State of Louisiana. For the following reasons, we reverse and remand.

FACTS
On October 21, 1998, Abels was allegedly injured at the Ark-La-Tex Auto Auction when he was struck by a vehicle being driven by Cindy Paton.[1] Abels filed suit against Paton and a number of other defendants on October 15, 1999.[2]
*812 On December 18, 2000, Paton moved to dismiss Abels' suit against her for his failure to request service on her within ninety days of the commencement of the action pursuant to La. C.C.P. art. 1201. On February 6, 2001, the trial court dismissed Paton with prejudice, noting that Abels did not oppose her dismissal.
On May 17, 2001, Abels claims he discovered that Paton was acting in the course and scope of her employment when she allegedly struck him with her vehicle, and her employer was ITS. On June 13, 2001 (nearly three years after Abels' tort suit had been filed), he filed an amended petition for damages naming ITS and National Car Rental as defendants.
In response to that filing, ITS filed its peremptory exception of prescription on July 3, 2001. ITS contended that Abels' claims against it had prescribed and prescription had not been interrupted by the filing of Abels' original petition. Initially, ITS's exception was denied; however, ITS states a judgment was never entered. During the course of the litigation, all of the other defendants were dismissed, leaving ITS as the sole remaining defendant in the lawsuit. ITS ultimately filed a third party claim against Empire Fire & Marine Insurance Company ("Empire") and then Universal Underwriters Insurance Company ("Universal").
In February 2004, ITS filed a supplemental and amending answer to Abels' petition, as amended. Again, ITS claimed that Abels' claims against it were prescribed. ITS also filed an exception and alternative motion to reconsider any ruling on its exception of prescription. Empire and Universal also filed exceptions of prescription, as well. As to ITS's exception, the trial court issued a judgment in favor of ITS dismissing Abels' claims against it. Abels appeals that judgment by the trial court.

DISCUSSION
On appeal, Abels raises three assignments of error  all related to the trial court's granting of ITS's exception of prescription. Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. Bailey v. Khoury, XXXX-XXXX (La.01/20/05), 891 So.2d 1268, 1275. The burden of proof on the prescription issue lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff. Id. In the case sub judice, Abels filed his claim against ITS on June 13, 2001, which claim arose from the allegedly tortious acts of Paton occurring on October 21, 1998. Pursuant to La. C.C. art. 3492, "[d]elictual acts are subject to a liberative prescription of one year." Here, Abels' claim against ITS was filed more than two and one-half years after the alleged tortious act, and, on the face of the pleadings, is prescribed. Thus, Abels bears the burden of proving why his claim against ITS is not prescribed.
Abels maintains that ITS was a solidary obligor of Paton (which ITS acknowledges), and it was added to the lawsuit within one year after her dismissal. Abels argues that pursuant to La. C.C. art. 1799, the filing of a lawsuit against one solidary obligor interrupts prescription as to other solidary obligors. He contends that this interruption occurs even if the employee is dismissed from the lawsuit, as Paton was in these proceedings.
However, the trial court determined that "[u]nder 9:5801 interruption of prescription as to [Paton] is considered never to have occurred. If prescription against [Paton] was never interrupted, then there is no bridge to her employer, ITS." Under the facts of this particular *813 case, such a finding by the trial court was in error for the following reasons.
Louisiana C.C.P. art. 1201(C) mandates service on a defendant within 90 days of the filing of the petition naming him as a party. Louisiana C.C.P. art. 1672(C) requires that an action be dismissed without prejudice when service is not requested within the time prescribed by La. C.C.P. art. 1201(C), unless good cause is shown why it could not have been requested. According to La. R.S. 9:5801, if service was not requested timely (as per La. C.C.P. art. 1201(C)) and that failure was a result of bad faith, there is no interruption of prescription as to a defendant dismissed due to the lack of timely service.
In this case, Paton moved to be dismissed stating that she had not been served pursuant to La. C.C.P. art. 1201(C). In her motion, she further claimed that she should be dismissed with prejudice pursuant to La. R.S. 9:5801. ITS takes the position that because Paton was dismissed pursuant to La. C.C.P. art. 1201(C) and La. R.S. 9:5801, prescription was not interrupted, and the trial court properly sustained its exception of prescription. We disagree.
Louisiana R.S. 9:5801 becomes applicable when an issue of prescription arises upon a defendant's dismissal for failure to serve pursuant to La. C.C.P. art. 1201(C). At the time Paton filed her motion and was dismissed, there was no issue of prescription before the trial court. Only when ITS filed its exception of prescription, did it become Abels' burden to prove that his claim against ITS had not prescribed, considering that the claim against it was prescribed on the face of the pleadings. To meet his burden, Abels claimed that Paton and ITS were solidary obligors, and the filing of a lawsuit against one solidary obligor interrupts prescription as to other solidary obligors.[3] Abels is correct, and ITS even concurs with this general proposition, but asserts that prescription as to it was not interrupted due to Paton's dismissal pursuant to La. R.S. 9:5801.
First, we note that contrary to the assertions of ITS, Paton was not clearly dismissed pursuant to La. R.S. 9:5801, as that statute is not a basis of dismissing a defendant for non-service.[4] Seemingly, the trial court implicitly referred to the statute by dismissing Paton with prejudice, as requested by Paton in her motion. However, the trial court's judgment dismissing Paton, other than dismissing her with prejudice, made no findings of law or fact. At that time, the trial court only "consider[ed]" the motion to dismiss and its supporting memorandum and noted that Abels did not oppose Paton's motion.
Notably, La. R.S. 9:5801 has two requirements: first, a defendant is dismissed *814 from a lawsuit "because service of citation was not timely requested," and second, "the court finds that the failure to timely request service of citation was due to bad faith." Here, despite ITS's assertions to the contrary, the record fails to show that such a determination of "bad faith" by Abels was ever made. Although there was apparently not "good cause" as required by La. C.C.P. art. 1672(C) to justify the failure to serve Paton and she was ultimately dismissed from the lawsuit, such does not equate to a finding of "bad faith" required under La. R.S. 9:5801. See, Bordelon v. Medical Center of Baton Rouge, XXXX-XXXX (La.10/21/2003), 871 So.2d 1075; Coker v. Morris, 37,688 (La.App.2d Cir.09/24/03), 855 So.2d 916, writ denied, 2003-2959 (La.01/09/04), 862 So.2d 993. The trial court is required to make a factual finding of bad faith by Abels for failing to serve Paton pursuant to La. C.C.P. 1201. Johnson v. Brown, XXXX-XXXX (La.App. 4th Cir.06/25/03), 851 So.2d 319. Such a finding would require more than a showing of "mere bad judgment or negligence; it implies the conscious doing of a wrong for dishonest or morally questionable motives." Coker, supra, citing, Bond v. Broadway, 607 So.2d 865 (La.App. 2d Cir.1992), writ denied, 612 So.2d 88 (La.1993). Only upon a definitive and expressed finding of bad faith will it be proper to conclude that prescription as to ITS was not interrupted pursuant to La. R.S. 9:5801. Moreover, we do not consider the trial court's earlier ruling dismissing Paton "with prejudice" as tantamount to finding that Abel acted with "bad faith" in failing to serve Paton timely.[5]
Nor do we agree with ITS's position that to consider the "bad faith" issue would in affect allow an "out-of-time" appeal of the earlier judgment dismissing Paton. As explained herein, at the time Paton was dismissed, La. R.S. 9:5801 was not truly an issue pertinent to Paton's dismissal, even if Paton made a claim that it was. Whether Abels was in bad faith in failing to timely request service of citation on Paton did not become an issue until ITS filed its exception of prescription and Abels claimed prescription was interrupted as to ITS. At that point in time La. R.S. 9:5801 was called into question, and it became pertinent to make a factual finding regarding whether Abels was in bad faith in failing to serve timely Paton.[6] Clearly, the trial court did not make such a consideration of Abels' bad faith.
The trial court, before taking the exceptions of prescription under advisement, recognized this issue as a "close call." In fact, although the exceptions were not argued on the record, the trial court makes reference to a two-hour in-chambers discussion regarding the issue. We note that generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. See, Bailey v. Khoury, XXXX-XXXX (La.01/20/05), 891 So.2d 1268. Therefore, the matter should be remanded to the trial court to make a factual determination regarding whether Abels was in bad faith for failing to timely serve Paton. So considering, our determination herein pretermits any discussion of Abels' final assignment of error.
*815 Finally, as to the respective exceptions of prescription filed by Empire and Universal, the record does not reflect that the trial court directly addressed either exception until Universal filed a motion requesting the trial court's ruling. In its motion, Universal asserted that the judgment sustaining ITS's exception of prescription and dismissing ITS from the lawsuit failed to consider the exception of prescription filed by Universal. As a result of Universal's motion, the trial court entered an order on August 5, 2004, which purportedly sustained Universal's exception of prescription. No action was taken regarding Empire's exception of prescription.
Notably, the judgment which is the subject of this appeal served to dismiss Abels' claims against ITS. As a result of ITS's dismissal from the original lawsuit, upon which the third-party lawsuits against Empire and Universal were based, the exceptions filed by Empire and Universal were effectively decided as well. Thus, the subsequent August 5th order was superfluous. As a result of the findings herein, and considering that the exceptions of prescription filed by Empire and Universal were rooted in the exception of prescription by ITS, the trial court's consideration of the matter on remand will be determinative of the exceptions of prescription filed by Empire and Universal as well.

CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining ITS's exception of prescription is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to ITS.
REVERSED AND REMANDED.
NOTES
[1] In Abels' original petition, Paton was referred to as "Cindy Peyton."
[2] The original defendants named were General Motors Corporation, Adesa Ark-La-Tex Auction, Wausau Nationwide Insurance Group, ABC Corporation, and XYZ Insurance Company.
[3] When a servant's actions during his employment create an unreasonable risk of harm to another, any resulting liability is solidary with that of his master. The injured party has only one cause of action against both, and suit against either the employer or the employee will interrupt prescription as to the other. Foster v. Hampton, 381 So.2d 789 (La.1980); see also, La. C.C. art. 1799.
[4] Louisiana C.C.P. art. 1672(C) is the procedural article allowing dismissal of a defendant for failure to serve. This article was not cited by Paton in her motion to dismiss, but it states that:

A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
[5] Notably, the judgment dismissing Paton was signed "in chambers," without a hearing being conducted.
[6] Seemingly, the allegations originally made by Paton in her motion seeking dismissal do not rise to the level of "bad faith" as defined by the cited jurisprudence. She claimed not to know of a "good faith reason to explain [Abels'] failure to request or conduct service of process on [her]," as she "was easily found... continued in the same employment and maintained the same residence since the lawsuit was filed and [Abels'] petition is clear that he is aware of Paton's employment location."