United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-30491
Summary Calendar

_____

SAL CIOLINO & ASSOCIATES,

Plaintiff-Appellant,

versus

FIRST EXTENDED SERVICE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(No. 02:04-CV-3360)

_____

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        In this diversity action, plaintiff appeals from the district court's dismissal pursuant to FED.

R. CIV. PROC. 12(b)(5). We affirm.

## I. FACTS AND PROCEEDINGS

        On August 3, 2004, Sal Ciolino & Associates ("Ciolino"), a Louisiana corporation, filed suit

in a Louisiana court against First Extended Service Corporation ("FESC"), a Texas corporation.

_____

[*] Pursuant to 5th CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Subsequent to intra-party communications regarding settlement, Ciolino requested service upon

FESC on November 19, 2004. The time between Ciolino's filing and service request was 108 days.

FESC removed the case to the Eastern District of Louisiana and then moved to dismiss the action

pursuant to FED. R. CIV. PROC. 12(b)(5) and LA. CODE CIV. PROC. art. 1201(C). Ciolino opposed

the motion and asserted good cause for the delay in service. The district court agreed with FESC and

dismissed the action.[1] Ciolino now appeals.

## II. STANDARD OF REVIEW

A trial court's dismissal for failure to request timely service may be reversed only if the district

court committed manifest error. *See, e.g., Johnson v. Brown*, 2003-0679, p. 2 (La. App. 4 Cir.

6/25/03); 851 So. 2d 319, 322.

## III. DISCUSSION

Very little is in dispute in this case. The parties agree that Louisiana law applies in this

instance. *See Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)

(holding that State law determines whether service was properly made prior to removal). Louisiana

law allows a plaintiff ninety days from the time of filing a petition to request service on all defendants.

---

[1]After FESC's motion to dismiss had been filed with the district court, Ciolino brought two additional suits against FESC and additional defendants in Louisiana courts. FESC also removed these suits to the Eastern District of Louisiana. The district court consolidated these additional cases, no. 05-CV-0251 and no. 05-CV-0252, with the original case, no. 04-CV-3360. R. at 84.

In an order under a caption bearing all of the consolidated cases' numbers, the district court purported to dismiss "the matter" without prejudice. R. at 109. However, FESC had not filed a motion to dismiss with respect to the later two cases. By order dated August 4, 2005, this Court remanded the latter two cases, no. 05-CV-0251 and no. 05-CV-0252, to the district court. Only the dismissal of the original case, no. 04-CV-3360, is at issue today.

*See* LA. CODE CIV. PROC. art. 1201(C).[2]  If service is not requested within the period provided, a court is required to render a judgment of dismissal without prejudice in favor of any defendant who has not been timely served.  *See* LA. CODE CIV. PROC. art. 1672(C).[3]

Under Louisiana law, a court must dismiss unless (1) the defendant expressly waives service by written waiver, *see* LA. CODE CIV. PROC. art. 1201(C), or (2) "good cause is shown why service could not be requested," LA. CODE CIV. PROC. art. 1672(C).  If the plaintiff shows good cause, "the court may order that service be effected within a specified time."  *Id.  See generally Clark v. State Farm Mut. Auto. Ins. Co.*, 2000-3010, p. 10 n.14  (La. 5/15/01); 785 So. 2d 779, 786 n.14 (La. 2001) (discussing the interplay of articles 1201(C) and 1672(C) with respect to service).  In addition, Louisiana, as a matter of policy, commands strict adherence to articles 1201(C) and 1672(C).  *See Johnson*, p. 10, 851 So. 2d at 326.

On the essential fact, the parties agree.  One hundred and eight days passed between the time Ciolino filed suit in State court and the time Ciolino requested service.  Because the ninety day period had expired, under the procedure established in Louisiana, Ciolino must have either obtained an

---

[2]La. Code Civ. Proc. art. 1201(C) provides, in part:
> Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. ... The defendant may expressly waive the requirements of this Paragraph by any written waiver.

[3]LA. CODE CIV. PROC. art. 1672(C) provides:
> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

express waiver or made a showing of good cause as to why service could not be requested. Ciolino does not contend, nor could it, that FESC expressly waived service. Rather, Ciolino maintains that its delay should be countenanced because, in its view, good cause existed for the delay. We do not agree.

According to Ciolino, its delay in requesting service stems from efforts to pursue alternative dispute resolution ("ADR") avenues, including settlement negotiations. Ciolino believes that, because of courts' preference for ADR, its pursuit of settlement negotiations constitutes good cause under Louisiana jurisprudence. The parties agree that they participated in some communication around the time the suit was filed and before service was requested. However, the degree and context of the communications is presented differently by the parties. We assume, as Ciolino asserts, that Ciolino's delay resulted from anticipation of communication from FESC relating to settlement.

We can make this assumption because, whatever responsibility litigants have to participate in ADR, that responsibility does not relieve a plaintiff of its obligation to request service within the time allotted under Louisiana law. As the Louisiana Supreme Court held, in construing a similar ninety day service period:

> the fact that defendants have knowledge of the pending suit does not satisfy plaintiff's obligation to request service within ninety days of the filing of a suit.... Moreover, ... it is not reasonable to believe, in light of the mandatory language contained in the Act, that ongoing settlement negotiations absolve a litigant of his responsibility to comply with its requirements.

*Naquin v. Titan Indem. Co.*, 2000-1585, p. 9, (La. 2/21/01); 779 So.2d 704, 710 (discussing LA. REV. STAT. § 13:5107 (service on State officials)). *See also Johnson*, p. 8-11, 851 So. 2d at 325-26 (applying the *Naquin* analysis to articles 1201(C) and 1672(C)).

- 4 -

In *Johnson*, a case that involved significantly more negotiation than was present here, the court held that under section 1672, "negotiations ... did not constitute 'good cause' and did not absolve the plaintiff of his responsibility to request service of process within ninety days of filing the lawsuit." *Johnson*, p. 10–11, 851 So. 2d at 326. *See also Taylor v. LSU Medical Ctr.*, 2004-38,944, p. 8 (La. App. 2 Cir. 10/14/04); 892 So. 2d 581, 586 (holding attorney communications insignificant as to "good cause"); *Johnson v. Reg'l Transit Auth.*, 2000-2647, p. 4–5 (La. App. 4 Cir. 4/18/01); 785 So. 2d 1015, 1117–18 (holding expectation of settlement not "good cause"). We do not deviate from this settled principle. Under Louisiana law, negotiations between the parties do not relieve the plaintiff of its obligation to request timely service.

## IV. CONCLUSION

Because the district court did not err in dismissing the case, we AFFIRM.