| KATHERINE ACUFF, CHRIS JABLONOWSKI, AND HANNA HAILE, INDIVIDUALLY AND ON BEHALF OF PERRIER CONDOMINIUM OWNERS' ASSOCIATION, INC. | * | NO. 2024-C-0058 |
|---|---|---|
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| VERSUS | * | |
| | * | |
| DWAYNE TREECE, PHALLON TREECE AND GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER | * | |
| | * * * * * * * | |

*NEK*

**ERVIN-KNOTT, J., DISSENTS WITH REASONS**

I respectfully dissent with the majority's decision to affirm the trial court's judgment denying both the Declinatory Exception of Insufficiency of Service of Process or, alternatively, Motion for Involuntary Dismissal.

## DISCUSSION

### *Plaintiffs' request for service was untimely on the face of the pleadings*

Defendants' sole assignment of error is that the trial court erred in denying their Exception of Insufficiency of Service of Process or, Alternatively Motion for Involuntary Dismissal. Appellate courts review a trial court's ruling on an exception of insufficiency of service of process under a *de novo* standard if the underlying facts of the case are not in dispute. *Brown v. Chesson*, 2020-00730, p. 2 (La. 3/24/21), 315 So. 3d 834, 836. A trial court's ruling on a motion for involuntary dismissal due to lack of service or untimely service is reviewed for manifest error. *Johnson v. Brown*, 2003-0679, p. 2 (La. App. 4 Cir. 6/25/03), 851 So. 2d 319, 322 (citing *Futrell v. Cook*, 2000–2531 (La. App. 4 Cir. 12/19/01), 805 So. 2d 325).

Louisiana Code of Civil Procedure article 1201(C) provides that service of the citation shall be requested on all named defendants within ninety days of the petition's filing. If a plaintiff fails to timely request service within ninety days, then the trial court shall dismiss the action, without prejudice, *unless* the plaintiff shows good cause for the failure to timely request service. La. C.C.P. art. 1672(C) (emphasis added). If the face of the pleadings show that the plaintiff failed to timely request service, then the plaintiff bears the burden of showing good cause as to why service could not be requested. *Freeman v. Ochsner Clinic Foundation*, 20-283, pp. 2-3 (La. App. 5 Cir. 11/10/20), 307 So. 3d 335, 337.

Here, the parties do not dispute that the Plaintiffs failed to request service within ninety days of April 7, 2023. Plaintiffs contend that they could not have requested service because the supplemental petition was not filed until the trial court formally granted its judgment on August 2, 2023. However, that judgment retroactively applied the amended and supplemental petition's filing date to April 7, 2023. As such, Plaintiffs' request for service in October is untimely on the face of the petition[1], and the trial court erred in its blanket decision denying the exception and motion. Because the Plaintiffs failed to timely request service, the trial court should have made a finding as to whether the Plaintiffs had good cause in failing to do so.

### The majority's decision

The majority's decision to affirm the trial court's ruling ignores the plain language of the August 2023 judgment retroactively applying the amended and supplemental petition's filing date. As the appellate court, we are bound to review the lower court's written judgment. *Reaver v. Degas House, L.L.C.*, 2022-0464, p. 6 (La. App. 4 Cir. 3/13/23), 359 So. 3d 570, 575 ("Our job, as an appellate court, is

---

[1] I note that Plaintiffs' counsel drafted the language retroactively applying the petition's filing date despite the clear mandate of Articles 1201 and 1672.

to review written judgments."). Although the judgment in this matter was interlocutory, and therefore not required to be reduced to writing, our jurisprudence mandates that the language in a written judgment controls the case. *Bourgeois v. Bazil*, 18-676, p. 9 (La. App. 5 Cir. 4/24/19), 271 So. 3d 341, 348 ("A trial judge may render a written judgment which differs in substance from his or her prior oral statements. . . the written judgment controls."). As there is a written judgment in this case, the language of the written judgment controls. To date, the trial court has not amended, altered, or vacated the August 2023 judgment. Thus, the language of that judgment governs the disposition of this case.

The majority places emphasis on the fact that the Plaintiffs could not have requested service until the stay in the case was lifted and the trial court had granted leave for the petition to be filed. I find that this logic applies to whether the Plaintiffs had good cause in failing to timely request service, not to whether service was timely requested. As noted earlier, the trial court never made a finding as to good cause because it erroneously denied the exception of insufficiency of service of process. Therefore, it is proper to remand this case back for such a determination.

To further support its reasoning, the majority notes, "The insertion of the date was unnecessary as La. C.C.P. art. 1155 allows amended and supplemental petitions to relate back to the date of the original petition." The majority's reliance on this legal theory is not relevant to the issue at hand.

This Court has previously ruled that only amended petitions under La. C.C.P. art. 1153 may relate back to the filing of an original petition. *See Smith v. Cutter Biological*, 1999-2068, pp. 36-37 (La. App. 4 Cir. 9/06/00), 770 So. 2d 392, 412. Even then, a court is required to apply a multi-element test to determine whether a claim in an amending petition will relate back to the original petition.

*Ahmed v. Downman Dev., L.L.C.*, 2017-0114, pp. 12-13 (La. App. 4 Cir. 12/28/17), 234 So. 3d 1111, 1120. Regardless, "La. C.C.P. art. 1153 provides a mechanism by which the action or defense asserted in an amended petition can relate back to the date of filing of the original pleading, *thereby avoiding dismissal by prescription*." *Id*. (emphasis added). In short, whether Plaintiffs' amended and supplemental petition relates back to the original petition's filing date has nothing to do with the service requirements of La. C.C.P. art. 1201—prescription and service are two separate issues. Plaintiffs chose to put the date in the August 2023 judgment, and the trial court signed that judgment, making it the ruling of the court. The inclusion of the date in the judgment makes the subsequent request for service of the amended and supplemental petition untimely.

## CONCLUSION

For the foregoing reasons, I would grant Defendants' writ, reverse the trial court's judgment, and remand the case back to the trial court to make a determination as to whether the Plaintiffs' had good cause in failing to timely request service.